IN THE SUPREME COURT OF THE STATE OF NEVADA

PATTI CALISSIE,
Appellant,
vs.
THE STATE OF NEVADA
EMPLOYMENT SECURITY DIVISION,
Respondent.

No. 65500

FILED

OCT 27 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a petition for judicial review of an appeals referee's decision that denied unemployment benefits. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Under NRS 612.385, a person who is discharged from employment due to misconduct is not eligible for unemployment benefits. *Clark Cty. Sch. Dist. v. Bundley*, 122 Nev. 1440, 1445-46, 148 P.3d 750, 754-55 (2006). Disqualifying misconduct is the deliberate and unjustifiable violation or disregard of the employer's reasonable policy or an act that substantially disregards the employer's interests; the misconduct must involve an "element of wrongfulness." *Id.* Like the district court, we review the appeals referee's decision for arbitrariness and capriciousness or other abuse of discretion. *Id.* at 1444, 148 P.3d at 754; NRS 233B.135(3)(f). In so doing, we determine whether the appeals referee's factual determinations are based on substantial evidence. *Bundley*, 122 Nev. at 1445, 148 P.3d at 754.

Here, the appeals referee determined that substantial evidence established that appellant Patti Calissie, formerly a cage

supervisor at the Siena Hotel & Casino, wrongfully disregarded the Siena's reasonable standards of conduct when she (1) closed all of the cage windows during her shift and (2) left work without permission before the cage was balanced, which disqualified her from receiving unemployment benefits. The appeals referee's analysis is inconsistent and inconclusive and was rendered under an incorrect burden of proof,[1] however, and several of the findings therein are not supported by substantial evidence.

With respect to the first ground, substantial evidence supports that the Siena has a policy to keep the cage open at all times but does not support the conclusion that Calissie willfully violated this policy. Calissie admits that she closed her cage window when her relief supervisor arrived shortly before her shift was to end at 7 a.m. in order to verify and check out of her window bank. Although there is some evidence that her window was closed before that time, it is unclear who closed the other window and when, and there is no evidence suggesting that Calissie's window was closed for about an hour[2] or that Calisse was required to maintain the

---

[1]When asserting misconduct, the employer must prove such facts by a preponderance of the evidence; "substantial evidence" is not a standard of proof and suggests that the appeals referee applied a lesser burden than required. *Bundley*, 122 Nev. at 1448, 148 P.3d at 756; *see Nassiri v. Chiropractic Physicians' Bd.*, 130 Nev., Adv. Op. 27, 327 P.3d 487, 491 (2014) (explaining that "substantial evidence" is "a standard of judicial review, not a standard of proof"); *Robertson Transp. Co. v. Pub. Serv. Comm'n*, 159 N.W.2d 636, 638 (Wis. 1968) ("Substantial evidence is not equated with preponderance of the evidence. There may be cases where two conflicting views may each be sustained by substantial evidence.").

[2]The appeals referee stated that Calissie closed her window at 6:45 a.m. and "[s]he did not reopen a window for approximately one hour," but it is undisputed that Calissie left before 7:45 a.m. and thus could not have reopened her window an hour after she closed it.

window after the incoming shift supervisor had arrived to relieve her. Indeed, the appeals referee determined that Calissie closed the cage "with authorization." Further, although an email from the relief supervisor stated that Calissie told a guest who approached her window "that we are closed and will be open in an hour" and another co-worker stated that Calissie told a guest to come back later, those employees did not testify at the hearing and their statements are not inconsistent with Calissie's explanation that the guest was actually inquiring about VIP guest services, which did not open for another hour, not the cage. Nevertheless, the appeals referee found that Calissie closed all windows during her shift and that this was disqualifying misconduct. As closing a window with authorization cannot be misconduct and substantial evidence does not support a finding that Calissie wrongfully violated the open-cage policy, this does not support the denial of unemployment benefits.

As for the second misconduct ground, substantial evidence supports that Calissie left work before the main bank was completely balanced, without permission from her supervisor and without telling anyone else that she was doing so. It does not appear, however, that in doing so she violated a clearly stated employment policy. Calissie's supervisor testified at the hearing that one's own bank must be balanced before leaving, and this apparently was Calissie's understanding as well; it is undisputed that Calissie stayed "whenever she was out of balance." There is no indication that Calissie was aware of any unwritten policy to stay until the entire shift balanced or that any such policy existed. Thus, the appeals referee's statement that Calissie had previously stayed late "to balance *the cage bank*" (emphasis added) is not supported by the record.

And even if such a policy existed, that Calissie knowingly left before the main bank was balanced, without telling anyone, does not appear to constitute disqualifying misconduct in this particular instance. Once the employer demonstrates misconduct, it is the employee's burden to show that the misconduct does not disqualify her from unemployment benefits, "for example, by explaining the conduct and showing that it was reasonable and justified under the circumstances." *Bundley*, 122 Nev. at 1448, 148 P.3d at 756. Here, the Siena supported Calissie's need to leave around 7 a.m. by informing her supervisor of that fact. When she left on the relevant date, she had already stayed approximately 30 minutes past her shift and the replacement shift supervisor and dayshift cashier had both arrived to take over. Further, another shift supervisor—the person using the main bank during Calissie's shift—was there, and Calissie's supervisor had arrived and was helping him to balance the paperwork, which is where the balancing error occurred. Under these circumstances, Calissie could have reasonably believed that her duties were finished. Violating an unclear, unwritten policy under these circumstances does not contain the necessary element of wrongfulness to constitute disqualifying miscoduct.[3] *Kolnik v. Nev. Emp't Sec. Dep't*, 112 Nev. 11, 15, 908 P.2d 726, 729 (1996) ("We have determined that ordinary negligence in isolated

_____

[3]Calissie argues that the appeals referee abused her discretion in excluding Calissie's witness evidence. The proposed witness, a co-worker, would have given a statement that Calissie had an excuse or justification for leaving before the bank was balanced, but the appeals referee excluded the evidence because that person was not Calissie's supervisor at the time. In light of our conclusion that the appeals referee's decision is insupportable, we need not reach this issue.

instances, or good faith errors in judgment or discretion, are excluded from the definition of misconduct.").

Thus, the appeals referee's conclusion that Calissie engaged in misconduct disqualifying her from receiving unemployment benefits is not supported by substantial evidence and is arbitrary and capricious, and the district court should have granted her petition for judicial review. Accordingly, Calissie is not disqualified from receiving unemployment benefits due to misconduct, and we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court with instructions to grant the petition for judicial review and reverse the administrative decision denying benefits.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc: Hon. Elliott A. Sattler, District Judge
Hejmanowski & McCrea LLC
State of Nevada/DETR
Washoe District Court Clerk